```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
EASTMAN KODAK COMPANY,

                            Plaintiff,              05-CV-6425T

              v.                                    DECISION AND
                                                    ORDER

W. H. HENKEN INDUSTRIES, INC.

                            Defendant.
_____
```

## INTRODUCTION

Plaintiff Eastman Kodak Company ("Kodak"), brings this action against defendant W.H. Henken Industries, Inc. ("Henken"), alleging breach of contract (Count I), breach of oral contract (Count II), unjust enrichment (Count III), estoppel (Count IV), account and account stated (Count V), and conversion (Count VI) claiming that Henken failed to honor its contractual obligations to Kodak. The action was commenced by the filing of the Summons and Complaint in the United States District Court for the Western District of New York on August 10, 2005. Subsequently, Kodak served the Complaint and Henken submitted an Answer. Kodak brings this motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, arguing that no triable issue of fact exists, and thus, it is entitled to judgment as a matter of law because it has fully complied with its obligations under the contract. Specifically, Kodak seeks summary judgment that it has made a *prima facie* showing of Henken's breach of contract and as a result Kodak is entitled to the amount of $149,610.20 plus interest, and reasonable attorneys' fees and costs.

Henken opposes Kodak's motion, in part, only as it relates to Kodak's request for payment of attorneys' fees. With respect to all other

aspects of the motion, Henken does not raise any opposing arguments. For the reasons set forth below, Henken's motion requesting summary judgment in its favor is granted, and accordingly, Kodak is entitled to the sum $149,610.20. However, Kodak is not entitled to attorneys' fees and costs.

## BACKGROUND

Kodak provided materials, goods, and merchandise consisting of Non-Destructive Testing products, including Industrex x-ray films, chemical, paper, equipment and other x-ray products (the "Products") to Henken since 2000 in exchange for Kodak's payment of reasonable value of the materials, goods and services. See Luciano Cert., ¶ 4.[1] Kodak and Henken entered into two Kodak Professional Authorized Industrex Dealer Agreements (the "Agreements") on May 19, 2000 and then later on March 5, 2002. Id., ¶ 5. The Products were purchased on a credit basis for which there remained a balance due of $199,610.20. Id., ¶ 7. However, in a letter dated May 4, 2006, Henken listed certain legitimate offsets amounting to $50,000. Because of the May 4th letter, Kodak reduced its demand by $50,000. Id., ¶¶ 9-10. Henken did not assert that any other payments were made, other than those enumerated in the May 4, 2006 letter, or that any other charges were improper. Further, Henken has failed to provide specific conversations regarding oral protests made by Henken. Thus, the sum Kodak claims is due and owing from Henken is $149,610.20.

## DISCUSSION

### I.  Summary Judgement Standard

Federal Rule of Civil Procedure 56 provides that summary judgment

---

[1] "Luciano Cert." refers to the Certification of Carol Luciano submitted in support of Kodak's motion. Ms. Luciano is a Senior Special Collection Credit Representative and an Authorized Signer for Kodak.

is warranted where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Fed.R.Civ.P. 56(c) A "genuine issue" exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit under governing law." Id. In deciding a motion for summary judgment, the evidence and the inferences drawn from the evidence must be "viewed in the light most favorable to the party opposing the motion." See Addickes v. S.H. Kress and Co., 398 U.S. 144, 158-59 (1970). "Only when reasonable minds could not differ as to the import of evidence is summary judgment proper." See Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.1991). The function of the court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." See Anderson, 477 U.S. at 249.

The Local Civil Rules of this Court require that movant and opponent each submit statements of material facts, and if movant fails to submit such a statement it may be grounds for denying the motion. See W.D.N.Y. Loc. Civ. R. 56.1(a). Movant is to submit a statement of facts for which there is no genuine issue. The opponent is required to submit a statement of material facts as to which it is contended that there exists a genuine triable issue. See R. 56.1(b). All material facts stated in movant's statement that are not controverted by opponent's counter-statement shall be deemed admitted. See R. 56.1(c). The purpose of these statements, and

the appendix of supporting evidence (R. 56.1(d)), is to summarize and highlight for the Court the material factual issues, the authority in the evidentiary record for the purported facts, and whether the parties believe they are in dispute. Here, defendant did not provide a counter-statement of material facts. Further, the only document submitted by defendant is an attorney affirmation opposing, in part, plaintiff's motion for summary judgment. Defendant's opposition with respect to the motion relates to plaintiff's request for attorneys' fees and costs. Therefore, the material facts are not in dispute and other than the attorneys' fees and costs issue, the rest of the issues in the motion for summary judgment are not opposed by defendant.

**II.  Summary Judgment With Respect to Kodak's Breach of Contract Claim**

Under New York law, a breach of contract is established by showing: (1) the existence of an agreement; (2) the plaintiff's adequate performance of that agreement; (3) a breach by the defendant; and (4) damages. See Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y., 375 F.3d 168, 177 (2d Cir. 2004); Harsco Corp. v. Segui, 91 F.3d 337, 348 (2d Cir. 1996); see also Log On Am., Inc. v. Promethean Asset Mgmt. LLC, 223 F.Supp.2d 435, 451 (S.D.N.Y. 2001). In the instant case, the existence of an agreement between Kodak and Henken is shown by the two executed Agreements between the parties dated May 19, 2000 and March 5, 2002. Kodak clearly performed its obligations under both Agreements by providing Henken with the Products including Industrex x-ray films, chemical, paper, equipment and other x-ray products.

Pursuant to § 11.1 of both Agreements, "All invoices are due and payable sixty (60) calendar days following the end of the month in which

4

the invoice is dated." Kodak provided the Products to Henken and the Products were purchased on a credit basis for which there remained a balance due of $199,610.20. However, Kodak reduced its demand by $50,000 based on a letter dated May 4, 2006 from Henken listing eleven checks, which offset the original amount due. Further, Henken has failed to provide specific conversations regarding any oral protests made. Henken has breached the Agreements by failing to make the remaining required payments to Kodak pursuant to the Agreements. The damages Kodak claims to be due and owing from Henken is $149,610.20. Kodak has also requested attorneys' fees and costs. However, Kodak submits no facts and consequently there is no basis upon which its claim for reasonable attorneys' fees is requested. Accordingly, only Kodak's claim for damages from Henken in the amount of $149,610.20. will be considered. Thus, Kodak's claim for attorneys' fees and costs is denied.

Kodak correctly claims that no additional fact discovery is necessary in this matter. Kodak provided the Products to Henken and Henken was deficient on the payments. Henken thereafter asked Kodak to offset the amount owed and Kodak agreed to the offset. Thus, Henken owes $149,610.20.

### III. Summary Judgment With Respect To Kodak's Cause Of Action Relating To Accounts Stated

To recover under a theory of an "account stated," a plaintiff must demonstrate "an agreement between the parties to an account based upon prior transactions between them." See LeBoeuf, Lamb, Greene & MacRae, L.L.P. v. Worsham, 185 F.3d 61, 64 (2d Cir. 1999) (citation and internal quotation marks omitted). "Such an agreement may be implied if a party receiving a statement of account keeps it without objecting to it within

a reasonable time or if the debtor makes partial payment." Id. (citation and internal quotation marks omitted); see also Conocophillips v. 261 East Merrick Road Corp., 428 F.Supp.2d 111, 126 (E.D.N.Y. 2006) (explaining that plaintiff must show that defendant received invoices from plaintiff and defendant failed to object within reasonable time or defendant made partial payment on account).

Here, Kodak and Henken had previous transactions as evidenced by the Agreements and the invoices. See Luciano Cert., ¶¶ 5 and 7. The balances on the invoices, which are kept in the ordinary course of business, are correct and there has been no dispute with respect to these balances. Henken had expressly promised to pay the balances based upon the Agreements and has offered no proof to the contrary. Thus, the Court grants summary judgment to Kodak on its cause of action for account stated.

## CONCLUSION

For the reasons set forth above, Kodak's motion for summary judgment is granted as to Counts I, II and V of the Complaint. Accordingly, this Court finds that Henken owes Kodak $149,610.20. Kodak's claim for attorneys' fees and costs is denied.

ALL OF THE ABOVE IS SO ORDERED.

                                                S/Michael A. Telesca
                                                  MICHAEL A. TELESCA
                                       United States District Judge

Dated:    Rochester, New York
            June 14, 2007